**HOWARD & HOWARD ATTORNEYS PLLC**
Robert L. Rosenthal, Esq. (SBN 173047)
John J. Savage, Esq. (SBN 264081)
Beverly Hills Triangle 1
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (424) 303-7700
Email: rrosenthal@howardandhoward.com
         jsavage@howardandhoward.com

*Attorneys for Defendant L. & R. Distributors, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE EVANS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>L. & R. DISTRIBUTORS, INC., a New York corporation; and DOES 1 – 50, inclusive,<br><br>Defendants. | CASE NO.: _____<br><br>Santa Clara Superior Court<br>Case No. 24STCV06416<br><br>**DEFENDANT L. & R. DISTRIBUTORS, INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1441, 1446, and 1453] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant L. & R. Distributors, Inc. ("Defendant" or "L&R"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of Santa Clara, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million. This removal is based on the grounds stated herein.

/ / /

/ / /

/ / /

## I. PROCEDURAL BACKGROUND

On June 17, 2024, Plaintiff Yvette Evans ("Plaintiff" or "Evans") filed a putative class action complaint in the Superior Court of California, County of Santa Clara, entitled *Yvette Evans, as an individual and on behalf of all others similarly situated v. L. & R. Distributors, Inc, a New York corporation; and DOES 1 – 50, inclusive*, Case No. 24STCV06416 (the "Complaint").

Plaintiff served copies of the Summons and the Complaint on Defendant's registered agent for service of process on June 28, 2024. True and correct copies of the Summons, Complaint, and all documents served with the Complaint on L&R are attached hereto as Exhibit A.

The Complaint seeks damages, penalties, and injunctive relief on behalf of a putative class for with respect to the following claims: (1) failure to pay wages; (2) violation of Labor Code § 2802; (3) violation of Labor Code § 226(a); and violation of Business & Professions Code § 17200 et. seq.

Plaintiff alleges all causes of action individually and on behalf of a putative class defined as "all current and former non-exempt employees of Defendants in the State of California, who worked during the period of June 17, 2020, through the present (the "Class" or "Class Members")." (Compl. ¶ 17.)

Exhibit A constitutes all the pleadings, process, and orders served upon or by Defendant in the Superior Court action.

## II. REMOVAL IS TIMELY

This Notice of Removal is timely, pursuant to 28 U.S.C. §§1446(b)(3) and 1453, because it is filed within 30 days of Plaintiff's service of the Summons and Complaint on Defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

This lawsuit is styled as a putative class action. (Compl. ¶¶ 17-29 and Prayer for Relief.) Removal under the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. sections 1441, 1446, and 1453 because (a) diversity of citizenship exists between at least one putative class member and Defendant; (b) the aggregate number of putative class members in the proposed class is

100 or greater; and (c) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff—or the Class she purports to represent—is entitled to any relief, based on Plaintiff's allegations in the Complaint and Prayer of Relief, all requirements for jurisdiction under CAFA have been met in this case.

### A. Diversity of Citizenship Exists

To satisfy CAFA's diversity requirement, a removing party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

In the instant action, Plaintiff is a citizen of California. Defendant is a citizen of New York, as it is incorporated and has its principal place of business in Brooklyn, New York. Accordingly, minimal diversity exists and removal is proper.

#### 1. Plaintiff is a Citizen of California

"An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019.

Plaintiff alleges in the Complaint that she is a resident of California. (Compl. ¶ 7.) The Complaint does not allege any alternative place of residence or state of citizenship for Plaintiff, nor does the Complaint state that Plaintiff intends to move her residence outside of California. According

to L&R's business records, Plaintiff's last known residence was located in San Jose, California. On information and belief, Plaintiff intends to remain in California. Accordingly, Plaintiff is a citizen of California for purposes of removal.

### 2. Defendant is Not a Citizen of California

For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Defendant is now, and was at the time of the filing of this action, a citizen of New York for the purpose of determining diversity jurisdiction under CAFA. L&R is, and at all pertinent times was, a corporation organized and existing under the laws of the State of New York. (Compl. ¶ 10.) L&R's principal place of business and corporate headquarters are located at 88 35th St., Bldg. 4, 5th Floor, Brooklyn, New York 11232, where its managers and officers direct, control, and coordinate corporate activities. L&R's "nerve center" is in New York.

Accordingly, diversity of citizenship exists under CAFA because at least one member of the putative class – Plaintiff – is a citizen of a state different than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

Additionally, although Plaintiff has listed 50 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

/ / /

### B. The Putative Class has More than 100 Members

CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members. Plaintiff seeks to represent *"all current and former non-exempt employees of Defendants in the State of California, who worked during the period of June 17, 2020, through the present (the "Class" or "Class Members").*" (Compl. ¶ 17.)

Based on Plaintiff's definition of the Class, and according to Defendant's business records, between June 14, 2020 and June 14, 2024, *the total number of non-exempt California employees (i.e., "Class Members") is approximately 595*. Therefore, the putative class contains more than 100 members.

### C. The Amount in Controversy Exceeds $5,000,000[1]

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (*quoting* 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a short and plain statement "need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an "inappropriate demand

---

[1] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. However, statements and/or references contained herein shall not constitute an admission of liability. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, Defendant denies that this case is suitable for class treatment.

of certitude from [the defendant] over its assumptions used in calculating the amount in controversy" for purposes of CAFA removal).

The ultimate inquiry is what amount a complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved.")

The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross,* 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

The allegations in the removing defendant's notice of removal may rely on a chain of reasoning that includes assumptions and an assumption may be reasonable if it is founded on the allegations of the complaint. *McCollum v. TGI Friday's, Inc.*, 2022 WL 2663870 at *2 (C.D. Cal. July 11, 2022) (*citing Arias*, 936 F.3d at 925). As the United States Supreme Court has advised, "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp.*, Inc., 471 F. App'x. 646, 648 (9th Cir. March 8, 2012) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.

2002)). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); see also *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504 at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

While L&R denies Plaintiff's factual allegations and denies that neither she nor the alleged Class Members is entitled to any of the relief for which Plaintiff has prayed, it is clear that, when the potential value of the claims of Plaintiff and the Class Members are aggregated, the allegations within the Complaint put into controversy an amount in excess of $5 million.

    **1.**  **Plaintiff's First Cause of Action for Failure to Pay Wages Places at Least $960,750 in the Form of Statutory Penalties in Controversy**

Plaintiff's Complaint alleges that L&R failed to pay Plaintiff and the Class minimum wage and overtime during the Class Period. "As a pattern and practice, Defendants suffered and permitted employees to work in excess of 8 hours in a workday and/or over 40 hours in a workweek without overtime pay for the reasons described above. Specifically, Defendants failed to pay minimum and overtime wages for all time spent by employees traveling to and from client sites. As a pattern and practice, Defendants regularly deduct 20 minutes of time spent driving to and from client sites — in each direction —from the total number of hours employees worked each day. As such, employees worked at least 40 minutes of unpaid time per day." (Compl. ¶¶ 34-35.)

Plaintiff seeks damages and penalties for failing to pay wages pursuant to Labor Code § 558, among others. Section 558 imposes the following penalties against an employer for failing to pay wages: "(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages." *Id.*

In this case, Plaintiff's Complaint seeks the full amount of penalties, costs and attorneys' fees available under Labor Code § 558 on behalf of herself and the Class. (Compl. ¶ 37 and Prayer for Relief.) There is a 1-year statute of limitations with respect to imposing statutory penalties for failing to comply with Labor Code § 558. *Beltran v. PeopleReady, Inc.*, Case No. 3:23-cv-00179-WHO, 2023 WL 3092973 (N.D. Cal. April 25, 2023).

L&R's review of data indicates that from the beginning of a 1-year limitations period from June 17, 2023 to June 17, 2024, there were approximately 159 non-exempt California hourly employees. These employees worked a total of approximately 9,687 pay periods during the relevant period and received corresponding wage statements. By assigning $50 to each of these employees for their first pay period during this timeframe and assigning $100 to these employees for each subsequent pay period, **Defendant calculates that Plaintiff's claim for wage statement penalties under Labor Code § 558 places an amount in controversy of at least $960,750**.

### 2. Plaintiff's First Cause of Action for Failure to Minimum Wage and Overtime Places at Least $1,529,878 in Controversy

Under Labor Code § 1194, claims for unpaid minimum wages are subject to a three-year statute of limitations. Plaintiff's Complaint makes the following relevant allegations:

> 32. As a pattern and practice, Defendants suffered and permitted employees to work without payment of minimum wages for all hours worked in a workday and workweek for the reasons described above.
>
> 33. Labor Code sections 510 and 1194 also require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of 8 hours in a workday or 40 hours in a workweek.
>
> 34. As a pattern and practice, Defendants suffered and permitted employees to work in excess of 8 hours in a workday and/or over 40 hours in a workweek without overtime pay for the reasons described above.
>
> 35. Specifically, Defendants failed to pay minimum and overtime wages for all time spent by employees traveling to and from client sites. As a pattern and practice, Defendants regularly deduct 20 minutes of time spent driving to and from client sites — in each direction — from the total number of hours employees worked each day. *As such, employees worked at least 40 minutes of unpaid time per day.*

(Compl. ¶¶ 34-35.)

L&R's review of data indicates that during the applicable three-year limitations period, there were approximately 595 non-exempt California hourly employees who were paid an average of $21 per hour. These employees worked a total of approximately 109,277 workdays during the relevant period. ***Based on Plaintiff's express allegations in the Complaint, Defendant reasonably assumes that each Class Member with a reporting time issue is entitled to 40 minutes of minimum wage pay (i.e., $14) per day, which places $1,529,878 in controversy***.

### 3. Plaintiff's Third Cause of Action for Failure to Provide Timely and Accurate Wage Statements Places at Least $628,000 in Controversy

Plaintiff's Complaint alleges that L&R failed to provide Plaintiff and the Class timely and accurate wage statements during the Class Period. (Compl. ¶¶ 44-46.) Additionally, Plaintiff contends that, "Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code section 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code section 226." (Compl. ¶ 47.)

California Labor Code § 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [226] subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

In this case, Plaintiff's Complaint seeks the full amount of penalties, costs and attorneys' fees available under Labor Code § 226 on behalf of herself and the Class. (Compl. ¶¶ 44-47 and Prayer for Relief.) There is a 1-year statute of limitations with respect to imposing statutory penalties for failing to comply with Labor Code § 226(a). *See Troester v. Starbucks Corporation*, 2019 WL 2902487 *5 (C.D. Cal. May 21, 2019) (held that "[g]iven the availability of both penalties and damages, the weight of authority has concluded that two different limitations periods apply to California Labor Code §

226(a), depending on the relief sought: one year for penalties and three years for actual damages.")

L&R's review of data indicates that from the beginning of a 1-year limitations period from June 17, 2023 to June 17, 2024, there were approximately 159 non-exempt California hourly employees. These employees worked a total of approximately 9,687 pay periods during the relevant period and received corresponding wage statements. By assigning $50 to each of these employees for their first pay period during this timeframe and assigning $100 to these employees for each subsequent pay period, Defendant estimates that most, if not all, of the employees reached the $4,000 statutory cap under Labor Code § 226, particularly because L&R issues weekly paychecks. ***Therefore, using a 1-year limitations period, Defendant calculates that Plaintiff's claim for wage statement penalties under Labor Code § 226(a) places an amount in controversy of at least $628,000.***

### 4.  Plaintiff's Claim for Failing to Pay All Wages Due  Placed at Least $3,120,000 in Controversy

Plaintiff's Complaint alleges that L&R failed to pay Plaintiff and the Class all wages due and owing and seeks all relevant penalties as a result. Although Plaintiff's Complaint artfully attempts to avoid expressly referencing California Labor Code § 210, the allegations and relief requested throughout Complaint clearly implicates the statute and its attenuating mandatory penalties. Section 210 subjects L&R to a statutory penalty of (1) one hundred dollars ($100.00) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200.00) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation. There is a 3-year limitations period relating to claims for unpaid wages.

L&R's review of data indicates that during the applicable limitations period, there were approximately 595 non-exempt California hourly employees. These employees worked a total of approximately 15,611 weekly pay periods during the relevant period and received corresponding wage statements. By assigning a statutory penalty of $100 to each of these employees for the first violation, $200 for each subsequent violation, ***and not even considering the additional 25% penalty for any amounts unlawfully withheld***, the estimated total amount in controversy is at least **$3,120,000**.

/ / /

/ / /

### 5. **Plaintiff's Request for Attorneys' Fees Places an Additional $1,559,657 in Controversy**

Plaintiff's Complaint seeks attorneys' fees on *all* causes of action. (Compl. ¶¶ 37, 42, 47 and Prayer for Relief ¶¶ 5-9.) When an award of attorneys' fees is authorized by statute, the request for attorneys' fees is properly considered in determining the amount in controversy for removal purposes. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy"); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. Aug. 4, 2014) ("[T]he Court finds that using [the 25%] benchmark is the most appropriate way to calculate attorneys' fees in order to establish the amount in controversy for jurisdictional purposes."). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (*quoting Dart Cherokee*, 574 U.S. at 88).

*Based on a combined estimate of $6,238,628 in controversy with respect to Plaintiff's claims as discussed herein, the amount of attorneys' fees placed in controversy by these claims is at least $1,559,657.*

### 6. **L&R has Satisfied CAFA's Jurisdictional Threshold by Placing a Total Amount of $7,798,285 in Controversy**

Aggregating the amounts in controversy as described herein brings the total amount in controversy to $7,798,285. This amount does not include damages pursuant to Plaintiff's fourth cause of action for Unfair Business Practices in violation of California Business & Professions Code § 17200 et seq. Accordingly, L&R has satisfied CAFA's $5 million minimum threshold and this matter can be properly removed to federal court.

/ / /

/ / /

/ / /

7. **The Court is Entitled to Take Judicial Notice of *Ryhal v. L&R*, Case No. 2:24-cv-03037, which is a Duplicative Putative Class Action Currently being Litigated in the United States District Court for the Central District of California**

The Court may take judicial notice of matters of public record, documents whose contents are alleged in the civil complaint, and facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).

The Court is also permitted to take judicial notice that a case has been removed based on CAFA. *See Sherman v. Amazon.com Services, Inc.*, WL 8219780 *8 (C.D. Cal. October 21, 2019) ("Nonetheless, the Court takes judicial notice of that Notice of Removal filed in the Trevino Matter. Notice of Removal, ECF No. 1, 1:18-cv-00120-DAD(BAM) ("Trevino Removal"). The Notice of Removal invokes diversity jurisdiction under the Class Action Fairness Act (CAFA) and explains that the amount in controversy exceeds $5 million, the number of putative class members is 100 or greater, and diversity of citizenship exists between one or more plaintiffs and one or more defendants.").

Accordingly, the Court is entitled to take judicial notice of the following ***ongoing and duplicative*** wage and hour class action case:

1. On March 14, 2024, Plaintiff Rebecca Ryhal filed a putative class action complaint in the Superior Court of California, County of Los Angeles, entitled *Rebecca Ryhal, individually, and on behalf of the putative class v. L. & R. DISTRIBUTORS, INC., a New York corporation; and DOES 1 – 50, inclusive*, Case No. 24STCV06416 ("*Ryhal*"). The complaint in *Ryhal* contains the identical causes of action asserted by Plaintiff Evans in the instant action, as well as several others.

2. Based on CAFA's $5 million jurisdictional minimum, L&R removed *Ryhal* to federal court in the Central District of California (Case No. 2:24-cv-03037).

3. On June 13, 2024, the parties in Ryhal filed a Joint Rule 26(f) report, wherein they agreed to mediate the dispute.

## IV. VENUE

This action was originally filed in the Santa Clara Superior Court. Initial venue is therefore proper in this district pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a), and because it encompasses the county in which this action is currently pending.

## V. NOTICE

Defendant will promptly serve this Notice of Removal on Plaintiff and will promptly file a copy of this Notice of Removal with the clerk of the state court in which this action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is subject to removal.

Dated: July 29, 2024                HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Robert Rosenthal
Robert L. Rosenthal
John J. Savage
Beverly Hills Triangle 1
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
*Attorneys for Defendant L. & R. Distributors, Inc.*

# CERTIFICATE OF SERVICE

I, Robert L. Rosenthal, declare:

I am a citizen of the United States and employed in Las Vegas, Nevada. I am over the age of 18 years and not a party to this action. My business address is Howard & Howard Attorneys PLLC, 9465 Wilshire Boulevard, Suite 300, Beverly Hills, CA 90212, I served a copy of the within document(s):

**DEFENDANT L. & R. DISTRIBUTORS, INC.'S NOTICE OF REMOVAL**

**X** by placing the document(s) list above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Beverly Hills, CA addressed as set forth below:

## SERVICE LIST

Larry W. Lee, Esq.
Kristen M. Agnew, Esq.
Max W. Gavron, Esq.
Kwanporn "Mai" Tulyathan, Esq.
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071

*Attorneys for Plaintiff*

I certify under penalty of perjury that the foregoing is true and correct, and that I executed this Certificate of Service on the 29th day of July 29, 2024 at Beverly Hills, CA.

    */s/ Robert L. Rosenthal*
    An employee of HOWARD & HOWARD ATTORNEYS